**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ABDULRAHMAN AL-SHEIKH,**<br>*Plaintiff,*<br>v.<br>**UNITED STATES,**<br>*Defendant.* | Case No. 25-cv-3704 (TSC) |

# MEMORANDUM OPINION

Plaintiff Abdulrahman Al-Sheikh, a United States citizen residing in Bahrain, brings tort, constitutional, and statutory claims against the United States, based on his military detention in Iraq and difficulties he alleges he has faced since his release in 2018. Before the court is Defendant's motion to dismiss, ECF No. 40, along with Plaintiff's motion for a preliminary injunction, ECF No. 33, motion for leave to amend, ECF No. 51, and various other motions. For the following reasons, the court will GRANT Defendant's motion to dismiss and DENY Plaintiff's motions.

## I. BACKGROUND

Plaintiff's claims arise from his detention from 2017 to 2018 in Iraq by the United States military after the Department of Defense determined he was an enemy combatant for ISIL. *See Doe v. Mattis*, 928 F.3d 1, 3 (D.C. Cir. 2019). He alleges that he endured "a year and a half of harsh detention under inhumane conditions," including confinement in a "completely enclosed metallic solitary cell" with lights that "remained on 24 hours a day" and an air-conditioning system "used in a torturous manner," and that the resulting harm "remains ongoing—physically, mentally,

and materially." Compl. at 2–3, ECF No. 1. In 2017, Plaintiff petitioned for a writ of habeas corpus challenging his detention. *See Mattis*, 928 F.3d at 6. After the parties stipulated that the Department of Defense released Plaintiff in Bahrain in October 2018, the court dismissed the action with prejudice. *See Doe v. Mattis*, No. 17-cv-2069, ECF Nos. 125, 126.

Proceeding *pro se*, Plaintiff filed this action in October 2025 against the United States and its agencies, invoking the Fifth and Fourteenth Amendments; the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680; *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); 42 U.S.C. §§ 1983 and 1985(3); 18 U.S.C. §§ 242 and 4001(a); the Privacy Act, 5 U.S.C. § 552a; the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706; and various treaties, among other authorities. He seeks damages and broad equitable and declaratory relief.

## II. LEGAL STANDARD

A motion under Rule 12(b)(1) tests the court's subject-matter jurisdiction. The United States may be sued only where it has waived sovereign immunity, and any waiver "must be unequivocally expressed in statutory text." *Lane v. Peña*, 518 U.S. 187, 192 (1996). Plaintiffs bear the burden of establishing the existence of a waiver, which is a jurisdictional prerequisite. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

A motion under Rule 12(b)(6) tests whether a complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts well-pleaded factual allegations as true but disregards "legal conclusion[s] couched as . . . factual allegation[s]." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief," set forth in "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a)(2), (d)(1).

The court construes *pro se* filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and considers all filings submitted by a *pro se* litigant in assessing a complaint, *see Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015). But liberal construction cannot supply a waiver Congress has not enacted or state a claim where the pleadings do not.

## III. ANALYSIS

Plaintiff's FTCA claims suffer from fatal jurisdictional defects. To begin, he failed to exhaust his administrative remedies. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *see Simpkins v. District of Columbia Government*, 108 F.3d 366, 371 (D.C. Cir. 1997). 28 U.S.C. § 2675(a) sets out the FTCA's exhaustion requirement: a plaintiff cannot sue "unless the claimant [has] first presented the claim to the appropriate Federal agency and his claim [has] been finally denied by the agency in writing and sent by certified or registered mail." Plaintiff mailed his administrative claims to the appropriate agencies in May 2026, seven months *after* filing this action. *See* ECF Nos. 1, 48. His tort claims are therefore premature, and that defect cannot be remedied by amendment. *See Edwards v. D.C.*, 616 F. Supp. 2d 112, 117 (D.D.C. 2009). And even assuming administrative exhaustion, Plaintiff's FTCA claims arise from injuries suffered abroad, and the FTCA's waiver of sovereign immunity does not apply to claims "arising in a foreign country." 28 U.S.C. § 2680(k); *see also Sosa v. Alvarez-Machain*, 542 U.S. 692, 712 (2004) ("[T]he FTCA's foreign country exception bars all claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred.").

As to Plaintiff's constitutional claims for damages, the United States has not waived its sovereign immunity. *See Meyer*, 510 U.S. at 477. Plaintiff's attempt to invoke *Bivens*—which

creates a cause of action, in limited contexts, to sue federal officials in their personal capacities for damages arising from constitutional violations—fails on its face, as the only named Defendants are the United States and its agencies. *See Bivens*, 403 U.S. at 389. But even had Plaintiff named individual officers, the court would not imply a *Bivens* remedy here. Recognizing a new Bivens context is "'a disfavored judicial activity,'" unavailable whenever "there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert v. Boule*, 596 U.S. 482, 491–92 (2022) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017)). While courts take a "case-by-case approach in determining whether to recognize a *Bivens* cause of action," "cases involving national security and the military counsel[] hesitation in recognizing a *Bivens* cause of action where Congress has not done so." *Meshal v. Higginbotham*, 804 F.3d 417, 422 (D.C. Cir. 2015). The D.C. Circuit has already refused to extend *Bivens* to claims of unlawful detention and mistreatment during an overseas terrorism investigation. *See id.* at 426–27. The same special factors—national security, military detention, and extraterritorial injury—counsel hesitation before authorizing a new kind of federal litigation here. *See id.* at 421–26; *Doe v. Rumsfeld*, 683 F.3d 390, 395–96 (D.C. Cir. 2012).

Plaintiff's other statutory theories likewise provide no basis for relief. Section 1983 applies only to persons acting "'under color' of" state, territorial, or D.C. law; it "does not apply to federal officials acting under color of federal law." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005). Section 1985(3) likewise does not apply to actions against the United States. *See Hohri v. United States*, 782 F.2d 227, 245 n.43 (D.C. Cir. 1986), *vacated on other grounds sub nom. United States v. Hohri*, 482 U.S. 64 (1987). And neither 18 U.S.C. § 4001(a) nor § 242 confer a private right of action. *See Bailey v. Bureau of Prisons*, 133 F. Supp. 3d 50, 55 (D.D.C. 2015); *Ballard v. Kendall*, 640 F. Supp. 3d 41, 55 (D.D.C. 2022). Finally, Plaintiff fails to state a

claim under the Privacy Act: he neglects to identify an agency record or allege denial of access or amendment, unauthorized disclosure, adverse determination based on an inaccurate record, or other actionable violation. *See* 5 U.S.C. § 552a(a)(4), (b), (d)(1)–(3), (e)(5), (g)(1)(A)–(D).

Plaintiff's attempt to invoke the APA's waiver of sovereign immunity for actions "seeking relief other than money damages" is also unavailing. 5 U.S.C. § 702; *see* ECF No. 23. The State Department issued him a passport in 2023, mooting any claim under 5 U.S.C. § 706(1) based on the alleged delay in processing his passport application. *See* Compl. at 3. His requests for additional consular assistance identify neither a "*discrete* agency action that [the Department] is *required to take*," *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004), nor final agency action, *see* 5 U.S.C. § 704; *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997). His request to correct unspecified watchlist "listings" alleges no facts suggesting that he appears on any such list much less that an agency has taken or unlawfully withheld reviewable action concerning a listing. ECF No. 23 at 91. And his requests that the court order a federal investigation or declare void an "executive decision granting diplomatic immunity to Ahmad Al-Shar'a" are not justiciable. *Id.* at 76. "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion," *Heckler v. Chaney*, 470 U.S. 821, 831 (1985), and "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Nor do the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, the All Writs Act, 28 U.S.C. § 1651(a), or the Mandamus Act, 28 U.S.C. § 1361, supply Plaintiff an independent basis for relief or jurisdiction. Absent "a cognizable cause of action," Plaintiff has "no basis upon which to seek declaratory relief." *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011). And the All Writs Act authorizes writs only "in aid of" jurisdiction otherwise established, 28 U.S.C. § 1651(a); it

"does not operate as a waiver of sovereign immunity," *Holt v. Davidson*, 441 F. Supp. 2d 92, 96 (D.D.C. 2006). Mandamus is a "drastic" and "extraordinary" remedy, *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34 (1980), available only where "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff," *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002) (quoting *Northern States Power Co. v. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997)). Plaintiff, as discussed above, has identified no such duty.

Plaintiff also seeks a preliminary injunction to address safety concerns related to Iranian drone and missile attacks on Bahrain. ECF No. 33. He seeks an injunction "to stop . . . restrictions" and "[s]uspend any administrative measures that impede his freedom or safety"; an order to "[e]nable him to leave the danger zone to a safe place immediately"; and an order for "the government to take immediate measures to protect him." *Id.* at 10. But a preliminary injunction may grant only "intermediate relief of the same character as that which may be granted finally"; that condition is not satisfied when the motion "deals with a matter lying . . . outside the issues in the suit." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). The Complaint predates the 2026 military conflict with Iran, meaning any relief premised on that conflict falls outside the allegations in the Complaint. Plaintiff's other requests for interim injunctive relief to lift administrative restrictions he alleges prevent him and his daughter from fleeing hostilities in Bahrain similarly fall outside the scope of this action. ECF Nos. 26, 30.

In the alternative, Plaintiff requests leave to amend his Complaint. ECF No. 51. But he fails to attach a proposed amended complaint as this District's local rules require. *See* Local Civ. R. 7(i), 15.1; *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012). And in any case, amendment would be futile: it cannot cure the absence of a waiver of sovereign immunity,

the FTCA's exhaustion requirement, or the unavailability of a *Bivens* remedy. *See, e.g., Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) ("[L]eave to amend should be freely given unless there is a good reason, such as futility, to the contrary.").

Plaintiff's remaining miscellaneous motions are meritless. He seeks to compel the American Civil Liberties Union, a non-party, to produce records, ECF No. 22, but "it is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending," *Institut Pasteur v. Chiron Corp.,* 315 F. Supp. 2d 33, 37 (D.D.C. 2004) (cleaned up). His motions for entry of default, ECF Nos. 31, 32, fail because the Government responded within the extended time the court allowed; his motions to expedite, ECF Nos. 15, 34, 35, 38, 59, and the Government's objection to the related-case designation, ECF No. 39, are moot in light of this disposition. His request for appointment of counsel, Compl. at 10, will be denied given the absence of any viable claim.

## IV. CONCLUSION

For the foregoing reasons, the court will GRANT the Government's motion to dismiss. ECF No. 40. The court will DENY Plaintiff's motion to compel production, ECF No. 22; motion for declaratory and equitable relief, ECF No. 23; motion for a preliminary injunction, ECF No. 33; further motions or requests for interim relief, ECF Nos. 26, 30; motions for entry of default, ECF Nos. 31, 32; and motion for leave to amend, ECF No. 51. The Government's objection to the related-case designation, ECF No. 39, and Plaintiff's remaining miscellaneous motions and requests, ECF Nos. 13, 15, 18, 34, 35, 38, 43, 48, and 59, will be DENIED or terminated as moot. To the extent the Complaint requests appointment of counsel, that request will be DENIED.

Date: August 18, 2026

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge